## Rochester School District v. Jersey

*Harvey R. Robinson*, for plaintiff.
*George A. Baldwin Jr.*, for defendant.

KLEIN, J., February 19, 1974.—We have before us an extraordinary petition by a condemnee for a rule upon the condemnor school district to show cause why a claim for additional business dislocation damages should not be entertained by remanding the matter to the original board of view or by appointing another board of view for said purpose. This, notwithstanding the fact that the appeal period from the viewers' award has long since elapsed.

The basis for the petition is section 8 of the Act of December 29, 1971, P. L. 635 (No. 169), 26 PS §1-606A, an act amending the Eminent Domain Code, 26 PS §1-101, et seq. Said section provides:

"The provisions of this Article VI-A of this amending act shall apply to all persons who have become displaced persons on or after January 2, 1971 without regard to any final disposition heretofore made of any claim for special damages for displacement: Provided, however, That anyone displaced on or after January 2, 1971 and prior to the effective date of this Article VI-A and this amending act, shall be entitled to the greater of any item of special damages for displacement as provided in this Article VI-A or as provided in any prior law."

Said code also provides:

" 'Displaced person' means any condemnee or other person not illegally in occupancy of real property who

moves or moves his personal property as a result of the acquisition for a program or project of such real property, in whole or in part, or as the result of written notice from the acquiring agency of intent to acquire or order to vacate such real property; and solely for the purpose of subsections (a) and (b) (1) and (b) (4) of section 601-A, as a result of such acquisition or written notice of intent to acquire or order to vacate other real property on which such person conducts a business or farm operation": 26 PS §1-201(8).

The condemnor filed an answer to the petition denying that the condemnee became displaced on or after January 2, 1971, and asserting that the retroactive effect of the amendatory act is unconstitutional, in any event.

Briefs were filed and oral argument had.

## HISTORY OF THE CASE

The condemnor filed the declaration of taking on February 13, 1970. On June 22, 1970, a board of view was appointed and said board filed its report, including an award for business dislocation damages, on January 8, 1971. No appeal from said award was taken by either party. The instant petition was filed and rule issued on November 9, 1972. An answer to the petition was filed on December 8, 1972, and reply to new matter was filed February 13, 1973; and a similar unexplained reply was filed on May 22, 1973.

The owners of the fee were four persons as tenants in common. The owner of the business for which business dislocation damages were awarded, the herein petitioner, was also the owner of an undivided one-seventh interest in said realty. In March of 1970, a lease agreement was consummated, in which the condemnor school district was lessor and the said four co-owners, including petitioner, were lessees.

The lease provided for termination by the lessor upon six month notice to vacate; and by the lessee upon written notice at any time. It is undisputed that petitioner physically vacated the premises and moved his personal property on or about December 1, 1971. It is also undisputed that the viewers' award included $5,000 for business dislocation damages and $15,000 for machinery and equipment removal expenses for petitioner's business.

## CONSTITUTIONAL ISSUE

The condemnor urges that the retroactive feature of the amendatory act is unconstitutional. We hold that said contention is without merit in these circumstances. The school district is an agency or creature of the Commonwealth and we see no constitutional bar to the Commonwealth enactment which impairs an executed obligation of one of its agencies under and subject to the very statute which it saw fit to so amend. This is particularly true when the retroactive effect is limited to the calendar year of enactment.

## DID PETITIONER BECOME A DISPLACED PERSON ON OR AFTER JANUARY 2, 1971?

The condemnor school district asserts that petitioner was displaced in March 1970, because the lease evidences the right to possession in the school district. The lease provided for rental payments (the total of real estate taxes, and fire and liability insurance premiums).

The viewers found as a fact that business dislocation damages were due. And, significantly, the viewers' report includes among the stipulations of the parties, "No detention damages are to be awarded . . . due to the fact that they still retain possession of the

subject property." In its recommendation and award, the board concluded, "Further, no delay(ed) compensation is due and owing . . . by reason of the stipulation entered into by the parties. . . ."

It would be startingly egregious for us to learn that the school district could say "no delay compensation from March, 1970, until date of payment because you still retain possession" and later say "no claim under said Act of December 29, 1971, because you were "displaced" in March, 1970."

The school district also feels aggrieved because their allowing condemnees to remain in possession was out of concern for condemnees' business situation and for the benefit of the condemnees. We can readily accept that but must note that benefits also flowed to the school district and its taxpayers. No delay compensation was paid and the condemnees continued to pay real estate taxes to the school district and to the other taxing bodies.

Whether final disposition occurred on or before December 28, 1970, or on January 8, 1971, is wholly irrelevant, since it occurred on or before December 28, 1971. The sole question is did petitioner become displaced on or after January 2, 1971, and before December 29, 1971? We hold that he did.

For these reasons, we make the following

## ORDER

And now, February 19, 1974, it is ordered, adjudged and decreed that the rule heretofore issued be, and it is hereby, made absolute, and the court hereby appoints Thomas C. Mannix, Esq., chairman; Robert F. Amalia and Frank C. Schneider, three disinterested freeholders, as viewers. And it is hereby ordered and directed that said viewers shall meet promptly to

assess and adjudge the amount of such damages sustained by the owner of the business as referred to in the within petition, under and subject to the limitations set forth in the Eminent Domain Code, as amended, and shall give notice of the time and place of said meeting to all interested parties.